UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MR. F., et al., | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:20-cv-00220-NT |
| | ) | |
| MSAD 35, | ) | |
| | ) | |
|     Defendant | ) | |

**ORDER ON MOTION TO PERMIT ADDITIONAL EVIDENCE**

In this action commenced pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 et seq., Plaintiffs challenge several conclusions of the state hearing officer, including the determination that Defendant provided a free appropriate public education (FAPE) to Plaintiffs' minor child, A.F. The matter is before the Court on Plaintiffs' motion to permit additional evidence. (Motion, ECF No. 10.)

Following a review of the proposed evidence and after consideration of the parties' arguments, the Court grants Plaintiffs' motion.

**LEGAL STANDARD**

Following an educational agency's final decision regarding an IDEA complaint, an aggrieved party may file an action in state or federal court seeking relief from the decision. 20 U.S.C. § 1415(i)(2)(A). "District courts considering challenges to administrative IDEA decisions apply an intermediate standard of review," which the First Circuit often calls "involved oversight," and which falls between the highly deferential clear-error standard and non-deferential de novo standard. *Johnson v. Boston Pub. Sch.*, 906 F.3d 182, 190–91

(1st Cir. 2018). The district court "shall receive the records of the administrative proceedings," and "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C). However, "a party seeking to introduce additional evidence at the district court level must provide some solid justification for doing so," in order to ensure "that the administrative process is accorded its due weight and that judicial review does not become a trial de novo." *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 996 (1st Cir. 1990).

The First Circuit has recognized several situations where it might be appropriate to supplement the record, including for "gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Town of Burlington v. Mass. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984). In exercising its discretion to supplement the record, "a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Id.* at 791. Courts ordinarily refuse to admit supplemental evidence "[w]here parties could have, but purposely chose not to" introduce the evidence at the hearing, *Roland M.*, 910 F.2d at 997, and "an administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial." *Burlington*, 736 F.2d at 791.

Following the First Circuit's acknowledgement that relevant events that occur after the administrative hearing might be appropriately considered by a court in certain

situations, this District has on occasion allowed parties to supplement the record with relevant after-acquired "progress evidence" as the evidence could be informative on the adequacy of the prior IEPs or eligibility for special services.  *See*, *e.g.*, *Ms. M. v. Falmouth Sch. Dep't*, No. 2:15-CV-16-DBH, 2015 WL 4725204, at *4 (D. Me. Aug. 7, 2015); *Millay v. Sch. Union 92*, No. 1:07-CV-178-JAW, 2009 WL 2986742, at *1 (D. Me. Sept. 16, 2009); *Mr. I. v. Maine Sch. Admin. Dist. No. 55*, No. CIV. 2:04-CV-165-DBH, 2004 WL 2397402, at *3 (D. Me. Oct. 27, 2004).  Nevertheless, because "[a]n IEP is a snapshot, not a retrospective," and because the "actions of school systems cannot ... be judged exclusively in hindsight," courts must focus on what was "objectively reasonable when the snapshot was taken, that is, at the time the IEP was promulgated."  *Roland M.*, 910 F.2d at 992; *see also D.C. v. Lewiston Sch. Dep't*, No. 2:15-CV-279-NT, 2016 WL 3406082, at *3 (D. Me. June 17, 2016) ("the relevance of proffered additional evidence must be evaluated on a case-by-case basis").

## DISCUSSION

In November 2019, Plaintiffs moved to New Hampshire from their home in Maine. Prior to the move, A.F. attended Defendant's schools.  Plaintiffs seek to supplement the record with a written notice from the IEP team in the New Hampshire school district to which Plaintiffs relocated and the IEP developed for A.F. by the district in June 2020. Plaintiffs contend the proposed evidence is relevant to the appropriateness of the education provided by Defendant before Plaintiffs' relocation and provides information about A.F.'s current educational status and the effect on A.F.'s educational progress of Defendant's approach.  Defendant maintains that the proffered evidence is of little or no relevance

because the circumstances in June 2020 and the information available to the New Hampshire school district differed significantly from the circumstances and information available to Defendant when it made its assessment.

A subsequent IEP is potentially relevant to the Court's consideration of the appropriateness of a prior educational plan. Logic suggests that the temporal relationship between the subsequent information and the challenged plan is of some consequence in assessing the probative value of the subsequent evidence. Here, less than one year separates Defendant's final assessment in August 2019 and the IEP plan developed by the New Hampshire school district in June 2020. The Court recognizes that with time, a minor child's needs might change and more information that could inform the development of an appropriate educational plan would likely become available. The Court is not prepared to conclude, however, at this stage of the proceedings, without a review and assessment of the entire administrative record, that the IEP developed for A.F. within one year of A.F's relocation is not probative of the appropriateness of the educational plan developed by Defendant. The issues raised and arguments asserted by Defendant might be relevant to the weight of the subsequent evidence, but do not preclude consideration of the evidence. Accordingly, Plaintiffs will be permitted to supplement the record as requested.

## CONCLUSION

Based on the foregoing analysis, the Court grants Plaintiffs' motion to permit additional evidence to include the written notice from the IEP team in the New Hampshire school district to which Plaintiffs relocated and the IEP developed for A.F. by the district in June 2020.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of November, 2020.